IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO L. WILLIAMS

      Plaintiff,                     No. CIV S-07-0932 GEB KJM P

    vs.

H. ALBONICO, et al.,

      Defendants.              <u>ORDER TO SHOW CAUSE</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, before this court grants plaintiff' request to proceed in forma pauperis, plaintiff will be required to show cause why it is appropriate to do so.

        This case was transferred from the Northern District. In a previous action transferred from the Northern District to the Fresno Division of this court, the Northern District observed that plaintiff had been barred from proceeding in forma pauperis in that court. <u>See</u> <u>Williams v. Winslow</u>, Civ. No. F-05-1560 LJO WMW P. In addition, in <u>Williams v.</u>

1

Wunderlich, Civ. No. F-06-1097 OWW DLB,[1] the court dismissed plaintiff's complaint because the defendants plaintiff named were absolutely immune from suit. Accordingly, it appears that at least four of plaintiff's actions have been dismissed for failure to state a claim.

The "three strikes" provision of the PLRA empowers a court to deny in forma pauperis status to a litigant who does not qualify for the "imminent danger" exception of the act and who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). An action meets this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted). Once a prisoner has come within the provisions of the PLRA three strikes provisions, as a general rule he or she must pay the full filing fee of $350.00 at the time a complaint is filed. 28 U.S.C. § 1915(g); In re Alea, 286 F.3d 378, 380 (6th Cir. 2002).

There is an exception to the three strikes provisions, however. If a plaintiff's complaint shows he is "under imminent danger of serious physical injury," he may proceed without prepayment of costs. 28 U.S.C. § 1915(g). "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action." Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir.), cert. denied, 533 U.S. 953 (2001). "Imminent" means "about to occur at any moment or [] impending." Id. at 315; see also Oxford English Dictionary, available at http://dictionary.oed.com ("close at hand in its incidence; coming on shortly").

Although the basis of the complaint is not entirely clear, it appears that plaintiff is challenging a 2002 assault on him, which occurred at High Desert State Prison, and a failure to treat a dislocated shoulder; the latter claim appears to be the basis of Williams v. Winslow, Civ.

---

[1] The court takes judicial notice of its own records. Fed. R. Evid. 201(b).

No. F-05-1560 LJO WMW P. Although the latter claim may satisfy the imminent danger provision, it is impossible to determine the exact nature of plaintiff's claim based on his pleading.

Accordingly, within thirty days of the date of this order, plaintiff is directed to show cause why this action should not be dismissed. His response to this order should not exceed fifteen pages and should not include attachments or exhibits. Failure to comply with this order will result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

DATED: June 1, 2007.

_____
U.S. MAGISTRATE JUDGE

2

will0932.osc